UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATARINA G.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C23-1618 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her symptom testimony and Dr. Knapp's medical opinion. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 27 years old, has a limited education, and has worked as a kitchen helper. Admin. Record (AR) 26–27. In September 2020, Plaintiff applied for benefits, alleging disability as of April 9, 2019. AR 64, 72, 81, 100. Plaintiff's applications were denied initially and on reconsideration. AR 71, 79, 97, 116. The ALJ conducted a hearing in June 2022, where Plaintiff's mother testified on her behalf. AR 35–61. In July 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 14–34.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1. **Plaintiff's Symptom Testimony**

Plaintiff's mother testified that Plaintiff is no longer able to work because of her seizures, anxiety, and fear of being around others. AR 42–47. She explained that even when Plaintiff was working in isolation, she often needed time to calm herself for 10 to 15 minutes, and that these issues continued even after she stopped working. AR 50–52. Plaintiff's mother explained that Plaintiff cannot function without assistance from others, and the only reason Plaintiff was able to work was because she knew her sister was working in the same place. *See* AR 55. Plaintiff's mother also stated that her daughter's mental health treatments have not been effective. AR 56.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ found Plaintiff's mother's statements regarding the intensity and limiting effects of her daughter's impairment not entirely supported by her record. AR 24. The ALJ noted Plaintiff's conservative treatment, which included therapy and medication. *Id.* "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The record shows Plaintiff reported to the emergency department after her first seizure in September 2019. AR 449. An evaluation revealed Plaintiff's seizure was "not consistent with new or dormant seizure disorder," but was consistent with "pseudoseizures in the setting of increasing stress and anxiety and lack of mental health resources," so Plaintiff was provided resources for mental health services. *See* AR 452. Plaintiff started therapy in November 2019, and she reported her panic attacks were triggered by sounds from childhood and her anxiety caused by family, increased stress due to loss of her job, and lack of financial security. AR 620–21, 625, 818, 825. Plaintiff again reported to the emergency department in January 2020, where she also had a witnessed seizure. AR 539. Her neurologic exam showed no deficits, and she was instructed to schedule an appointment for further evaluation. *Id.* In June 2020, Plaintiff underwent a 48-hour electroencephalogram (EEG) monitoring, which revealed evidence of epileptiform activity but no electrographic seizure. AR 555. Plaintiff's therapy notes show that by June 2021, her anxiety and panic attacks were resolving more quickly, and she had better mood and improved motivation. AR 827. Plaintiff also denied having had a seizure since her appointment from the previous month. *Id.* Plaintiff's mental status examinations mirrored her reports, showing improvement in anxiety and mood with medication, which Plaintiff expressed wanting to continue at her current dose. AR 828–29. In July 2021, Plaintiff again reported doing better, partly due to her medications and use of her

1   coping skills.  AR 833.  She also discussed how her post-traumatic stress disorder symptoms
2   were less frequent.  *Id*.  Plaintiff was hospitalized again in November 2021 and underwent
3   another EEG monitoring.  AR 842–43.  Treatment notes from the following month show the
4   medication Plaintiff had been taking improved her EEG results, so Plaintiff was recommended to
5   continue taking them.  *See* AR 843.  Treatment notes also show Plaintiff had not had a seizure
6   since she was hospitalized the month prior.  AR 844.  The latest treatment notes from February
7   2022 similarly show Plaintiff "has had no more seizures."  AR 867.  The ALJ also highlighted
8   Plaintiff's therapy notes update from March 2022, which state that she does not have the inability
9   to live in an independent or family setting without supervision.  AR 896.  They also state
10  Plaintiff does not have a dysfunction in role performance and is therefore able to work, attend
11  school, or meet other developmentally appropriate responsibilities and does not require structures
12  or supervised work or school setting.  *See* AR 55, 896.  Overall, the evidence cited by the ALJ
13  undermine the testimony provided by Plaintiff's mother regarding the severity of her daughter's
14  symptoms, the ineffectiveness of her daughter's mental health treatment, and her daughter's
15  inability to function without the assistance of others.
16      Plaintiff argues the treatment notes show the severity of her seizures and frequency of her
17  anxiety attacks.  Dkt. 8 at 4.  But the majority of the records Plaintiff cite simply recite her
18  medical history or are from prior to her counseling or medication, which, as discussed, have
19  helped in decreasing her symptoms.  *See, e.g.* AR 449 (treatment note from her emergency
20  department visit in September 2019), 474 (same), 478 (same), 517 (same), 521 (same).  Plaintiff
21  also argues the overall record "does not express any real improvement in her condition,"
22  especially with regard to her panic attacks.  Dkt. 8 at 4.  But Plaintiff does not show or direct the
23  Court to any records that undercut the ALJ's finding.  In contrast, the ALJ's assessment that

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

Plaintiff's symptoms were managed is well established by Plaintiff's own reports of improvement, better EEG results, and decreased seizures and panic attacks from treatment. Therefore, in rejecting Plaintiff's testimony based on her conservative treatment, the ALJ did not err.

### 2.     Dr. Knapp

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c).  The ALJ is specifically required to consider the two most important factors, supportability and consistency.  20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Knapp opined Plaintiff has mild to severe limitations in several work functionalities, including performing activities within a schedule, maintaining regular attendance, and being punctual with customary tolerances without special supervision; communicating and performing effectively in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms.  AR 769.  The ALJ first rejected Dr. Knapp's opinion because it appeared to have been based on Plaintiff's subjective complaints

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

rather than a mental examination. AR 25. How a medical source supports his or her medical opinion with relevant objective medical evidence and supporting explanations is a factor the ALJ must consider. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ's assessment is not entirely supported by the record, which indicates Dr. Knapp did conduct an examination regarding Plaintiff's thought process, perception, memory, fund knowledge, concentration, and abstract thought, though over the telephone. *See* AR 770–71. In rejecting Dr. Knapp's opinion for its lack of supportability, the ALJ erred.

However, the ALJ did not err in rejecting Dr. Knapp's opinion for its inconsistency with the record. *See* AR 25. How consistent a medical opinion is with evidence from other medical sources and nonmedical sources is a factor the ALJ must also consider. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Evidence cited by the ALJ include Plaintiff's therapy notes, which, as discussed, show Plaintiff experienced less symptoms due to medication and utilization of more coping skills. *See* AR 499–833. The ALJ also pointed to evidence showing Plaintiff reporting "feeling good" while on medication. AR 877–78. As also discussed, Plaintiff's therapy notes indicate Plaintiff has the ability to live independently without supervision, as well as attend school and perform work and other activities without structures or supervision. *See* AR 896.

Plaintiff disputes the ALJ's findings, but her citations are unconvincing as they only include her diagnoses and subjective reports, which the ALJ permissibly rejected. *See* Dkt. 8 at 6. In sum, because the ALJ's inconsistency finding is supported by the record, the Court finds no harmful error with the ALJ's evaluation of Dr. Knapp's opinion. *See Woods*, 32 F. 4th at 793 (affirming the ALJ's rejection of a medical opinion based on an inconsistency finding alone).

**3.    Plaintiff's Work History**

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

Plaintiff also points out her work activity report, which was prepared by the agency in September 2020, was inaccurate. Dkt. 8 at 2. The report states Plaintiff stopped working after her seizure in September 2019, though Plaintiff actually returned to work until March 2020. *Id*.; AR 248–59. Plaintiff argues that because of this inaccuracy, the ALJ did not properly consider how her symptoms affected her ability to work. *Id*. at 2. Plaintiff's argument fails, because the ALJ did acknowledge Plaintiff's work activity (AR 26) and Plaintiff has not argued with any particularity as to why this mistake in the report necessarily impacts the ALJ's ultimate decision. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE